# Walsh *v.* The Bourse.

*Landlord and tenant—Reasonable rules of office building.*

The rule of the owners of an office building that all furniture, bulky packages and freight must be carried on the freight elevator, is obviously reasonable, and no person, whether tenant or not, can claim successfully that any of his rights were infringed because he was prevented from removing such articles by the stairway.

*Landlord and tenant—Distress—Surreptitious removal of tenant's furniture.*

It would seem that the owner and custodian of a building may interfere for the protection of a tenant to prevent the surreptitious removal of their goods by strangers; and if the defendant had not incurred liability prior to the return of the goods to the tenant's office, no liability was incurred by the subsequent seizure of the goods for rent, they being upon the demised premises, for which an action of assumpsit to recover their value would lie.

Argued Oct. 3, 1900. Appeal, No. 226, Oct. T., 1899, by plaintiffs, in suit of Mary T. Walsh, William Gorman and Edward H. Brennan, trustees of the estate of Philip J. Walsh, deceased, trading as Phil. J. Walsh's Estate, against the Philadelphia Bourse, from judgment C. P. No. 4, Phila. Co., March T., 1899, No. 1008, discharging rule for judgment for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Appeal dismissed without prejudice. Per Curiam.

Rule for judgment for want of sufficient affidavit of defense in an action of assumpsit. Before the court in banc.

It appears from the record that the plaintiff brought an action to recover the value of certain furniture alleged to have been leased to Thompson, a tenant of defendant, in which it was alleged that defendant sold under distress warrant after preventing the agents of plaintiffs from removing said furniture from the Bourse Building.

Defendant filed the following affidavit of defense:

Emil P. Albrecht, being duly sworn according to law, deposes and says that he is the secretary of the Philadelphia Bourse, the defendant in the above case, and that said defendant has a full and just defense to the whole of the plaintiffs' claim of the following nature and character, to wit:

On November 26, 1897, one George M. Thompson leased from the defendant room No. 545 in the Philadelphia Bourse Building under a written agreement. After said Thompson had taken possession of the room he placed therein, for his own use, certain office furniture, which he continued to use as his own property until on or about April 14, 1898, at which date he was in arrears for rent to the defendant for said room to the amount of $74.05.

On said date, defendant was notified by one of its employees that some persons other than said Thompson, whose names and identity were unknown to defendant, were surreptitiously removing said office furniture out of the building, by carrying the same down the stairway, contrary to the rules and regulations of the defendant. Said rule and regulation No. 19 provides that "all furniture, etc., must be carried on the freight elevator." Defendant thereupon intercepted the removal of

said furniture and ordered it returned to said room No. 545, which was done. Subsequently it was levied upon at defendant's instance for the rent, which was then in arrear, to wit: $74.05, and sold, and there was paid defendant from the proceeds thereof, on account of the rent, the sum of $4.00.

Deponent avers that defendant has no knowledge that said furniture belonged to any persons other than said George M. Thompson, the lessee of said room, who brought the furniture there and used it as his own property while it was there. No lease for said furniture, such as is described in plaintiffs' statement of claim, was ever shown defendant, nor did defendant receive from any person a notice that said furniture did not belong to said Thompson until after the rent was in arrears. The only notice of any kind ever received was a verbal claim by the persons who were attempting to remove it that it belonged to the plaintiffs. Moreover, defendant never received an order, either verbal or written, from said Thompson, directing the delivery of said furniture to any one, or requesting the permission to remove it from the building.

The court below discharged the rule for judgment. Plaintiffs appealed.

*Error assigned* was in discharging the rule for judgment for want of a sufficient affidavit of defense.

*John F. Gorman*, for appellant.—The affidavit of defense may be resolved into these two points: (1) that plaintiffs are bound by the rules made by the defendant for the government of its tenants; (2) that defendant had a right to take and levy on these goods anywhere in its building.

As to the first point, the fact that George M. Thompson agreed when leasing this office that he or those claiming under him were not to remove "property from the building without lessor's consent, and that he would carry goods up and down on the freight elevator," refers to Thompson's goods, and while he and his goods are bound by these provisions, they are not sufficient to prevent the plaintiffs from removing their own goods from Thompson's office without the written consent of the defendant first being obtained.

As to the second, had the defendant, as landlord, after notice

given, the right to order these goods returned to the leased room, and upon refusal being made, the right to forcibly take them? We think not. They were the plaintiffs' goods, and were in plaintiffs' possession, and when removed from the leased room or premises, were not liable to be distrained for rent in arrear: Jackson and Gross on Landlord and Tenant, p. 96.

The landlord should first ascertain whether the goods removed belonged to the tenant, for a stranger or lodger has a right to remove his goods off the premises at any time, or under any circumstances, before the commencement of a distress: Foulger v. Taylor, 5 H. & N. 202; Thornton v. Adams, 5 M. & S. 38; Postman v. Harrell, 6 C. & P. 225; Fletcher v. Marillier, 9 Ad. & Ell. 457; Wood v. Nunn, 5 Bing. 10.

The only question in the case is whether the goods of the tenant were subject to distress for rent while in the entry, in other words, whether the passageway appurtenant to the demised premises should be regarded as part and parcel of them.

The case of Capel v. Buzzard, 6 Bing. 150, is a decisive authority upon this question. See also Lowell v. Strahan, 145 Mass. 1; 1 Am. St. Rep. 422, Curtiss v. Hoyt, 19 Conn. 154; 48 Am. Dec. 149, and Stockwell v. Hunter, 11 Metc. 448; 45 Am. Dec. 220.

*Francis S. Laws*, with him *John Frederick Lewis*, for appellee.—The appellee contends that the lower court was correct in refusing to enter a judgment for want of a sufficient affidavit of defense, for the following reason: because the goods were as to appellee the sole property of the tenant, and was subject to all of the terms imposed by the lease: Karns v. McKinney, 74 Pa. 387; Sewing Machine Co. v. Sloan, 87 Pa. 438; Kleber v. Ward, 88 Pa. 93.

In the present case the landlord did precisely what the lease and the law gave him the right to do, namely, he prevented the removal of the goods from the building and the premises because the rent was in arrear, and after they were again placed in the room from which they had been taken, caused a distress to be levied for his rent.

The numerous authorities cited in the appellant's brief are not in point. They are cases in which the question was, whether upon the destruction of a building, a tenant of an apart-

ment therein had an estate in the land upon which the former building had stood. Others were cases to which the question at issue was whether or not a tenant of one of several apartments had the right to use a common hallway or an outer wall for signs and advertising purposes.

If the facts stated in the affidavit of defense are admitted, the present action cannot be maintained.

The appellant's only remedy would be by a replevin before the sale, and if they did not pursue this course their remedy was lost: Esterley Machine Company v. Spencer, 147 Pa. 466; Brown v. Stackhouse, 155 Pa. 582.

The appellee had the right to make a distress for rent while the goods were anywhere in the building.

An examination of the lease will show that the rent was reserved not alone for the use of the room 545, but also for the use of heat, janitor service, elevators, toilet rooms, watchmen's services and the general accommodations of the building. The appellee therefore contends that the rent was payable for all of these various accommodations, and could be distrained for so long as the goods were anywhere in the building and in the custody of the officers of the appellee. If the goods therefore had been moved from one room to another by the appellees and still remained under their custody, it is submitted that a distraint could be made wherever they chose to place them.

PER CURIAM, October 22, 1900:

The regulation of the defendant which provides that "all furniture, bulky packages and freight must be carried on the freight elevator" is obviously reasonable, and no person, whether tenant or not, could claim successfully that any of his rights were infringed because he was prevented from removing such articles by the stairway. But the defendant went further and ordered the goods to be returned to the tenant's office from which they had been taken, which was done. Did this amount to a conversion for which the defendant was liable to the full extent of the value of the goods? It is asserted in the affidavit of defense that the goods were being surreptitiously removed by persons whose names and identity were unknown to the defendant. Was the attempted removal surreptitious both as to the defendant and the tenant, or were the goods removed from

the tenant's office with his consent?   Was force or its equivalent used to compel these unknown persons to return the goods to the tenant's office, or did they voluntarily obey the defendant's order?   These questions of fact have an important bearing upon the main question above suggested, for we are not prepared to hold that the owner and custodian of such a building may not interfere for the tenant's protection to prevent the surreptitious removal of their goods by strangers.   And if the defendant had not incurred liability prior to the return of the goods to the tenant's office no liability was incurred by the subsequent seizure of the goods under a landlord's warrant (the goods being then upon the demised premises) for which an action of assumpsit to recover their value would lie.   See Esterley Machine Co. v. Spencer, 147 Pa. 466, and Bogert v. Batterton 6 Pa. Superior Ct. 468.

The affidavit of defense is not as full and explicit upon some of the matters of fact as might be desired.   But it is to be remembered that this is an appeal from an order refusing judgment.   The act allowing appeals from such interlocutory orders was intended to reach only clear cases of error in law and thus to prevent the delay of a trial.   This has been said so many times that it is unnecessary to cite the authorities.   We do not think this case is so clear and free from doubt as to justify a reversal.

The appeal is dismissed at the costs of the appellant but without prejudice.