## Pickering, Appellant, *v.* Breen.

*Landlord and tenant—Distress—Goods of stranger on sidewalk.*

The household goods belonging to a stranger not in a house demised, but temporarily on the sidewalk in course of removal to a wagon, are not liable to distraint for rent due by the lessee.

Argued April 29, 1902. Appeal, No. 46, April T., 1902, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1900, No. 356, on verdict for defendant in case of M. H. Pickering v. F. J. Breen, The Knoxville Land Improvement Company and Matthew Best. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Replevin for goods distrained. Before COLLIER, J.

At the trial it appeared that the goods distrained belonged to a stranger, and were distrained when standing on the sidewalk of the demised premises in process of removal to a wagon. The court charged that if the goods were levied upon before they reached the wagon and while still on the sidewalk, that the plaintiff could recover.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was the charge of the court.

*James T. Buchanan*, for appellant.—The tenant's right to the use of the street or highway in front of the leased premises is simply an incorporeal hereditament, out of which rent cannot issue : Winslow v. Henry, 5 Hill, 481.

*W. D. Grimes*, with him *Alexander E. Goss*, for appellee.— The reasoning of appellant that the street in front of demised premises is an easement and therefore an incorporeal hereditament, out of which no rent can issue, is not sound : Rangeley v. Midland Ry. Co., L. R. 3 Ch. App. Cases, 306.

OPINION BY WILLIAM W. PORTER, J., January 20, 1903 :

The court below has held that the household goods belonging to a stranger not in the house but temporarily standing on the sidewalk in course of removal to a wagon are liable to distraint for rent due by the lessee.

The lease was of " the following described premises, . . . . a five-room house No. 420 Dewey street in Knoxville borough." Doubtless such a description carried not merely the building called " a house," but also the lot on which it stood. It will not be denied that a levy on the property of a stranger, in order to be good, must be made while the property is on the demised premises. The question here then is whether certain goods, which when levied upon, were alleged to be on the sidewalk, were on the premises leased, which were " a five-room house " and the lot on which it is situated. The goods, if on the sidewalk, were not within the house. They were not on the lot, unless the public sidewalk be a part of the lot.

Concede that the landlord owned the land to the middle of the roadway, still he did not necessarily give his tenant a right coextensive with the boundaries of the title. There is no expression of such purpose in the lease. The right of ingress and egress over the sidewalk; the use of it in common with the public and its use not inconsistent with the use of the public; the obligation in respect to care by a tenant, all these things passed. Use and occupation and quiet enjoyment of the premises were rights created. But these rights were largely intramoenial and were absolute. They were not merely the incidents to, but the fundamental rights created by the leasing of the premises actually leased. Such rights as accrued in the

sidewalk were purely incidental and not exclusive and were in the nature of easements.

Extended research might bring to light ancient learning on this branch of the law. See Capel v. Buszard, 6 Bingham, 150. Such examination as we have been able to give to the subject has, however, resulted in the conclusion thus plainly and dogmatically stated, namely, that such goods as were levied on upon the sidewalk were not on the premises leased and were therefore free from levy for the rent for which distraint was made.

The judgment is reversed, and a venire facias de novo is awarded.