## Walsh *v.* Philadelphia Bourse, Appellant.

*Landlord and tenant—Removal of tenant's furniture—Bailment—Distress—Office building.*

In an action of assumpsit against the owners of an office building to recover the value of office furniture leased by the plaintiff to a tenant in the building, it appeared that the plaintiff with the consent of the tenant removed the furniture from an upper floor room occupied by the tenant to the first floor, when it was forcibly seized by the defendant's employees, and returned to the room from which it had been taken. On the same day or the following day the furniture was distrained for rent due the defendant. There was a rule of the building that all furniture and bulky packages should be carried on the freight elevator. *Held,* (1) that the defendant's liability, if any, for the conversion, arose before the distress, and therefore plaintiff's remedy by replevin was not exclusive; (2) that defendant had no right to take the goods from plaintiff's possession, and return them to the upper room merely because they had been brought down the stairway, and not by the freight elevator; (3) that as the tenant had consented to their removal, the defendant had no right to enforce a rule of the building which was merely intended to protect the tenant from a surreptitious removal of the goods by a stranger; (4) that the goods in question having been in the possession of the tenant under a bailment, were not distrainable for rent, inasmuch as they had been redelivered into the possession of the bailor before the distress; (5) that the stairways, elevators and halls of the office building were not a parcel of the demised premises as far as bailors of tenants were concerned; (6) that the bailor was not bound by an agreement between the lessor and the lessee of which he had no notice that the lessees or those claiming under him should not remove the property from the building without the consent of the lessor, when rent was in arrear.

Argued Oct. 8, 1906. Appeal, No. 80, Oct. T., 1906, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1899, No. 1,008, on verdict for plaintiff in case of Mary T.

Walsh et al., Trustees of the Estate of Philip J. Walsh, deceased, v. Philadelphia Bourse. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit to recover the value of furniture. Before WILLSON, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $24.00. Defendant appealed.

*Error assigned* was in refusing to enter judgment for defendant non obstante veredicto.

*Francis S. Laws*, with him *John F. Lewis*, for appellant.— All goods upon leased premises, whether actually owned by a tenant or a stranger, with certain well-defined exceptions, are, as to the landlord, the property of the tenant and liable to a distress for the rent, as well as otherwise subject to his obligations: Karns v. McKinney, 74 Pa. 387 ; Howe Sewing Machine Co. v. Sloan, 87 Pa. 438 ; Kleber v. Ward, 88 Pa. 93 ; Myers v. Esery, 134 Pa. 177 ; Furbush v. Fisher, 40 Legal Int. 286 ; Henkels v. Brown, 4 Phila. 299.

The refusal to permit removal was equivalent to the commencement of the distress for rent: Furbush v. Fisher, 40 Legal Int. 286 ; Wood v. Nunn, 5 Bingham, 10 ; Cramer v. Mott, L. R. 5 Q. B. 357 ; Hutchins v. Scott, 2 M. & W. 809 ; Grant & McLane's App., 44 Pa. 477.

The appellee had a right to make a distress for rent while the goods were anywhere in the building.

The action though in form in assumpsit was based upon the alleged wrongful conversion. Such an action cannot be maintained under the facts in this case, the only remedy being replevin : Esterly Machine Co. v. Spencer, 147 Pa. 466 ; Brown v. Stackhouse, 155 Pa. 582.

*John F. Gorman*, for appellees.—" The landlord should first ascertain whether the goods removed belonged to the tenants, for a stranger or lodger has a right to remove his goods off the premises at any time, or under any circumstances before the

commencement of a distress," citing the following cases : Foulger v. Taylor, 5 H. & N. 202 ; Thornton v. Adams, 5 M. & S. 38 ; Postman v. Harrell, 6 C. & P. 225 ; Fletcher v. Marillier, 9 Ad. & Ell. 457 ; Wood v. Nunn, 5 Bing. 10.

The goods were in the possession of their owners, the plaintiffs, and were not on the demised premises at this time : Winslow v. Henry, 5 Hill, 481 ; Lowell v. Strahan, 145 Mass. 1 ; Alexander v. Dorsey, 12 Ga. 12 ; McMillan v. Solomon, 42 Ala. 356 ; Kleeman v. Kemmerer, 3 Kulp, 481 ; Cunningham v. Entrekin, 15 Pa. C. C. Rep. 183 ; Hancock v. Austin, 14 C. B. (N. S.) 634.

Before the levy was made the wrong upon which this action is based was done, the jury found by its verdict that these goods were forcibly taken by the defendants from plaintiffs. A right of action then accrued to plaintiffs which they exercised by bringing this action. They were not compelled to wait until the levy and then replevy under the act of 1772 ; they had a right immediately upon the taking and conversion of their goods to bring this action.

OPINION BY RICE, P. J., February 25, 1907 :

The single matter assigned as error is the refusal of the court to enter judgment for the defendant non obstante veredicto.

One Thompson leased from the defendant room 545 on the fifth floor of its office building, to be used as an office for the conduct of a publishing business. The plaintiffs delivered certain articles of office furniture to Thompson, under a contract of bailment, which were placed in this room. As they were authorized to do under the terms of the bailment, as well as with the consent of Thompson, the plaintiffs through their employees subsequently removed these chattels from room 545 to the first floor of the building, and were about to take them out of the door, when they were forcibly taken from their possession by the defendant's employees and returned to room 545, where, upon the same day or the following, they were distrained for rent due the defendant at the time of the attempted removal, and subsequently sold.

1. The evidence as to the force used was sufficient to warrant the submission of the question of conversion to the jury ; it was submitted with appropriate instructions, and their ver-

dict must be taken on this appeal as conclusively establishing the fact. This being so, the defendant's liability, if any, for the conversion arose before the distress, and therefore the cases cited in support of the proposition that the plaintiffs' exclusive remedy was by replevin do not apply.

2. The defendant had no right to take the goods from the plaintiffs' possession and return them to room 545 by reason of the fact that they had been brought down the stairway. Even if we assume that the plaintiffs knew of the defendant's rule that all furniture, bulky packages and freight must be carried on the freight elevator, and were bound by it, there was no occasion to bring it into play after the goods had been brought to the first floor; for obviously a past violation of the rule could not be pleaded in defense of a seizure of the goods which otherwise would be unwarranted.

3. When the case was here before* we said, " we are not prepared to hold that the owner and custodian of an office building like this may not interfere for the tenants' protection to prevent the surreptitious removal of their goods by a stranger." Granting that he may temporarily detain them until the right and the identity of the person removing them can be ascertained, the present action cannot be defended upon that ground under the evidence. The goods were being removed by the owner of them, with the consent of the tenant, who had held them under bailment, and this was not being done clandestinely or surreptitiously, but openly. Moreover, the plaintiffs' manager showed to the secretary of the company the lease of the goods and explained to him why they were being removed, and upon this subject the latter testified: " I told him Mr. Thompson was in arrears for rent to us and he could not take them out. He showed me a paper, the contents of which I did not read, but I told him it did not make any difference to whom the goods belonged, the man was in arrears for rent, and our lease provided that goods could not be taken out under the circumstances, and he then went downstairs, and I·followed him, and told the men not to permit the goods to go out." This and other testimony to the same effect clearly warranted the jury in finding that the removal of the goods was not prevented in the enforcement of a reasonable regulation for the protection of the defendant's tenants, or because the defend-

---

*15 Pa. Superior Ct. 219.

ant's officers and employees had any reasonable doubt whether the persons removing them were authorized by the bailor and bailee to do so.

4. The general rule of law makes all the goods and chattels (with many exceptions not necessary to be noticed here) found on the demised premises subject to distress for the rent thereof. At common law, if the lessor did not find sufficient distress on the demised premises, he could resort nowhere else : 3 Bl. Com. 11. This is still the rule, except as it has been changed by statute so far as to permit the landlord to follow goods of the tenant clandestinely removed; but these statutes do not apply to the goods of strangers, nor to goods in which the tenant may have had a qualified interest as bailee but which have been redelivered into the possession of the bailor before the distress. See Adams v. LaComb, 1 Dall. 440 ; Ball v. Penn, 10 Pa. Superior Ct. 544, and cases there cited : Sleeper v. Parrish, 7 Phila. 247. The lease from the defendant to Thompson is not printed in full in the appellant's paper-book; therefore we cannot say distinctly what privileges or rights it gave the lessee outside of room 545. Of course we must assume he had a right of passage by the stairways, elevators and halls, but that, of itself, would not constitute them, and all of them, part and parcel of the demised premises within the meaning of the rule under consideration. See Capel v. Buszard, 6 Bing. 150; Winslow v. Henry, 5 Hill, 481 ; Pickering v. Breen, 22 Pa. Superior Ct. 4.

5. It is thought that the present case is different because the lease from the defendant to Thompson contained this provision : " When rent is in arrear, lessee, or those claiming under lessee, shall not remove property from the building without the written consent of lessor. Lessee also agrees that all property on said premises and all property removed therefrom for thirty days after such removal shall be liable to distress for rent." We fail to see any substantial ground for holding that a third party, so far as concerns his goods, is bound by an agreement, of which he has no knowledge, between the owner of an office building and a lessee of one of its offices, to the effect that no property shall be removed from the building without the written consent of the lessor, and that all property removed therefrom shall be liable to distress for rent for thirty days thereafter.

The tendency of the decisions has been to restrict this summary remedy whereby the goods of one person may be taken for the debt of another; there certainly is no reason in justice for extending by subtlety the right of distraining beyond what the ancient law has established, as was said in Capel v. Buszard, 6 Bing. 150.

Judgment affirmed.