## Harrop *v.* Lutz, Appellant.

*Landlord and tenant—Distress—Goods of a stranger—Removal of goods—Lease.*

1. Both at common law and under the Act of March 21, 1772, 1 Sm. L. 370, the goods of a stranger are only liable to distraint when found upon the demised premises.

2. While a lessee may bind himself by a stipulation in the lease that his goods shall be subject to distress after removal, he cannot so bind a stranger to the lease.

3. Where tenants make a bill of sale of their stock of materials on

the premises to certain of their creditors in consideration of a release of claims, and the landlord knows of the bill of sale, acquiesces in it, and continues to collect the rent for over twelve months, he cannot when the goods have been removed by their owners from the premises when no rent was due, pursue and distrain them after an installment of rent has become due; and this is the case although the landlord might under the terms of the lease have elected to consider the whole rent due immediately after the execution of the bill of sale.

4. A provision declaring that a lease shall be forfeited, or that the entire term's rental shall become due at once, in the event of a certain contingency, are not self-operative. Such provisions are inserted for the benefit of the lessor, and are enforced only at his option.

*Landlord and tenant — Distress — Replevin — Practice — Goods of strangers.*

5. Where a landlord had distrained the goods of strangers, not upon the premises at the time, and the owners have replevied the same, and filed a declaration setting forth all the material facts, and such facts are not disputed by the affidavit of defense, only questions of law are involved, and the case may be properly disposed of by the court.

Argued Dec. 17, 1912. Appeal, No. 89, Oct. T., 1912, by defendants, from order of C. P. No. 1, Phila. Co., June Term, 1911, No. 2,092, making absolute rule for judgment for want of a sufficient affidavit of defense in case of C. T. Harrop and Joseph J. Cohen, Committee of Creditors of Golden & Ottinger, v. J. Edwards Lutz, Trustee under the will of Ignatius Lutz, deceased, and Otto Zimmerman. Before HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Replevin for goods distrained for rent.

The facts are fully stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*E. Spencer Miller*, for appellants.—A provision whereby the rent for an unexpired balance of the term is to fall due on the occurrence of circumstances indicating the determination of occupancy by the tenant, has been held

valid and enforcible: Platt v. Johnson, 168 Pa. 47; Teufel v. Rowan, 179 Pa. 408; Brumbaugh v. Feldman, 47 Pa. Superior Ct. 10; Dinner v. McAndrews, 10 Pa. Dist. Rep. 221; In re Pittsburg Drug Co., 164 Fed. Repr. 482.

If it is once established the parties intended that the lessor should have a right of recourse to property on the premises when a default of rent payments had occurred, although subsequently sold and removed, then the defendant's position in the present case must be sustained. The authorities are clear that such a right of the lessor would be an equitable lien, and that it is enforcible against parties acquiring the subject-matter with notice of rights of the lien holder: Mitchell v. Winslow, 2 Story, 630; Legard v. Hodges, 1 Ves. Jr. 477.

*Jerome J. Rothschild*, with him *Charles Edwin Fox*, for appellee.—Neither under the common law nor the act of 1772 can the goods of a stranger be followed: Adams v. La Comb, 1 Dall. 440; Sleeper v. Parish, 7 Phila. 247; Scott v. McEwen, 2 Phila. 176; Ball v. Penna., 10 Pa. Superior Ct. 544; Hays v. Rinker, 18 Pa. Dist. Rep. 539; Goodwin v. Sharkey, 80 Pa. 149; Brumbaugh v. Feldman, 47 Pa. Superior Ct. 10; Dinner v. McAndrews, 10 Pa. Dist. Rep. 221; Gold v. Gleason, 43 Pitts. Leg. J. 10.

The lease created no lien: Albers v. Turley, 10 Colorado, Appeals, 450 (51 Pac. Repr. 530).

OPINION BY MORRISON, J., February 27, 1913:

This suit arises under a written lease of a store room, made June 8, 1909, for a term of three years, at $2,100 per annum, payable monthly in advance in payments of $175, the first payment to be made at the signing of the lease and each payment thereafter to be made on the tenth of each and every month during the term. The lease was between J. Edward Lutz, trustee, lessor, and Albert S. Golden and Daniel Oettinger, lessees. On May 16, 1910, the tenants being indebted to sundry persons and being unable to pay, made a bill of sale of the stock

of materials in their store to the above-named committee of their creditors, who, in return, executed a release of their claims. The committee knew the terms of the lease; the lessor knew of the bill of sale and acquiesced in the transaction and continued to collect his rent monthly for a period of over twelve months without attempting to take advantage of the terms of the lease which provided that in such a case the whole of the rent for the full term might be considered due and could be distrained for in the same manner as if, by the conditions of this lease, the rent for the whole term, or any continuation thereof, were payable in advance. The lease also contained the following: "Lessees also agree that all property on the said premises and all property removed therefrom for thirty days after such removal, whether the said rent, damages, costs and charges shall have become due before or after the said removal, shall be liable to distress for rent and for said damages, costs and charges, and for all costs of distress, watchmen's wages and constable's commissions, including such as may by Act of Assembly be chargeable to the lessor."

No question is raised as to the integrity of the sale and delivery by the tenants of the goods and material in their store to the committee of their creditors, and it is a conceded fact that the lessor continued to receive his rent monthly for at least twelve months after the sale and delivery of the goods and material as aforesaid, and it is also conceded that when the said goods and material were removed from the premises by the appellees on June 7, 1911, no rent was then due and none became due for several days thereafter and the distraint which gave rise to this suit was not made until June 23, 1911, when the goods were entirely away from the leased premises and were stored with an auctioneer for sale.

The contention of appellant's learned counsel is, first, that by the terms of the lease the goods of a stranger could be seized and sold, no matter where found, on or off the premises, for a period of thirty days after their re-

moval, and, second, that the lessor had an equitable lien upon the goods which were seized upon a landlord's warrant which he could enforce although the goods had been removed from the leased premises when no rent was due and although they were the property of strangers to the lease.

In our opinion neither of these positions is sound. Both at common law and under the Act of March 21, 1772, 1 Sm. L. 370, the goods of a stranger are only liable to distraint when found upon the demised premises. This exact point was ruled in our own case of Ball v. Penn, 10 Pa. Superior Ct. 544. In that case we said: "No authority is needed for the general proposition that the exercise of the right of distress for rent in arrear must be had while the goods are on the demised premises, and that all goods upon the premises, whether belonging to the tenant or other persons, with some exceptions designed to aid in the encouragement of trade not necessary to mention here, are subject to such distress. But the right to pursue the goods after their removal from the premises must be found in the terms of the Act of March 21, 1772, 1 Sm. L. 370. If this act does not give the right it does not exist." We think this is all that need be said in regard to the common law and statutory right of the lessor to follow the goods of a stranger after they have been removed from the leased premises.

But the learned counsel contends that the very terms of the lease gives the appellant the right to follow the goods of a stranger and distrain the same away from the premises for a period of thirty days. It is conceded on all hands that the lessee may bind himself by a stipulation in the lease that his goods shall be subject to distress after removal, but it is vigorously contended by appellee's counsel that the lessee cannot so bind a third party, a stranger to the lease. We think this exact point is decided against the appellant in Walsh v. Phila. Bourse, 32 Pa. Superior Ct. 348. Indeed it hardly seems necessary to cite authorities upon the proposition that a tenant

cannot render the goods of a stranger to the lease liable for rent unless they are found upon the premises. Of course the lessee may, by his own agreement, contained in the lease, provide that the rent shall become due in advance upon certain contingencies happening, in which event the rent having become due, goods of strangers on the premises may of course be distrained upon: Goodwin et al. v. Sharkey, 80 Pa. 149. It should be noted in that case that the goods of the stranger were not removed from the premises. See also Brumbaugh v. Feldman, 47 Pa. Superior Ct. 10. It must be conceded in the present case that, on May 16, 1910, when the lessees sold and delivered their goods and material in the store to the appellees, the lessor might, under the terms of the lease, have elected to consider the rent due for the entire term, and he could have distrained the goods and material which were so assigned and delivered while they remained on the premises. But we have already seen that he did not do that but elected to hold the lessees liable for the rent and they continued to pay the same from month to month for at least a year, and at the time the appellees elected to remove the goods and material which they had purchased, no rent was due.

As to the alleged equitable lien upon the goods and material it seems sufficient to say that there is nothing in the lease attempting to create such a lien on any specific property, nor is there anything in the case, either as matter of fact or of law, which establishes any such lien. The lessor acquiesced in the sale and delivery of the lessee's goods and material for about a year and we can discover nothing in the case tending to support an equitable lien. The lease under consideration does not, by its terms, attempt to create a lien upon any specific piece of property but merely provides how a lien may be created by distress proceedings. We cannot agree with the contention that the provisions of the lease as to how and when a distraint may be made can be construed as creating an equitable lien in the absence of a distress. There is

nothing in the lease which can be considered as notice to a bona fide purchaser for value that after he has bought and removed the goods, they would still remain liable to seizure by the landlord.

We cannot agree with the appellant's contention that the removal of the goods by the appellees which they had purchased more than a year prior to the distraint, for a valuable consideration, from ˙the lessees, caused the entire rent for the balance of the term to become due at once, notwithstanding that at the time of such removal, all previous, as well as the current installments of rent, had been paid. We agree with the contention of appellee's counsel that the material words in the clause upon which the appellant relies, to wit: "if lessee shall, at any time during the continuance of this lease, attempt to remove or manifest an intention to remove the goods and chattels out of or off from said premises," etc., can refer only to the goods of the lessee. We think by the very terms of said clause it must be assumed that the words relate to the chattels of a party to the contract.

Upon the facts of the present case we do not consider that Teufel v. Rowan, 179 Pa. 408, supports the appellant's contention that the assignment by the lessees of May 16, 1910, to a committee of their creditors, the appellees, will sustain the lessor in distraining for the rent due for the full term, in June, 1911, on the theory that the assignment made more than a year before had caused all rent for the balance of the term to become due in advance. That case, as we understand it, would only sustain the appellant's contention if the lessors had again made default in the payment of rent before the appellees removed their goods from the premises. In that case there was a second default and the landlord then levied and asserted his right to collect for the entire balance of the term, but in the present case there was no default at all after the original one had been condoned, prior to the removal of the goods from the premises.

We understand the law to be that provisions declaring

that the lease shall be forfeited or that the entire term's rental shall become due at once in the event of a certain contingency are not self-operative. Such provisions are inserted for the benefit of the lessor and are enforced only at his option: Wills v. Manufacturers' Nat. Gas Co., 130 Pa. 222; Westmoreland, etc., Nat. Gas Co. v. Dewitt, 130 Pa. 235; Bartley v. Phillips, 179 Pa. 175; English v. Yates, 205 Pa. 106.

In the present case there were no material facts in dispute, the questions being of law, and upon careful consideration of the arguments we are of the opinion that the learned court below disposed rightly of the case by granting judgment in favor of the plaintiffs for want of a sufficient affidavit of defense. This practice in a replevin case is authorized by the Act of April 19, 1901, P. L. 88; the landlord having distrained the goods of strangers, not upon the premises at the time, the plaintiffs replevied the same and filed a declaration setting forth all the material facts, and the affidavit of defense not disputing the facts, only questions of law were raised for decision, and we think the judgment of the court below is correct.

The assignment of error is dismissed and the judgment is affirmed, at the cost of appellants.