## National Cash Register Co. v. Globe Shoe Repair Co. et al.

*Horenstein, Feldman & Harvey,* for plaintiff.

*Maxwell Pestcoe,* for defendants.

KUN, J., January 21, 1933.—This is an action in replevin wherein the plaintiff seeks to recover a certain cash register which, it is averred, was delivered to the defendant, Globe Shoe Repair Company, on November 11, 1931, at 27 S. Eighth Street, Philadelphia, Pa., under the terms of an agreement in writing or bailment lease under which the defendant agreed to lease the machine for a term of 21 months, paying a total rental therefor of $320. It is averred in the declaration in replevin that the defendants failed to pay the instalment of rental due and accruing July 11, 1932, and each and every instalment of rental thereafter as it accrued; and that by reason of such default, the plaintiff is entitled to repossession.

The original defendants have not appeared in this case, but Thomas J. Greenfield, constable, has intervened and, admitting the averments of the declaration, sets up a counterclaim in which it is averred that the constable has a lien on the machine for some $2,500. It is averred that the added defendant had distrained for arrears in rent by virtue of a lease for premises 27 S. Eighth Street, made between the defendants and Fidelity-Philadelphia Trust Company. This distraint was made on September 20, 1932, at 32 S. Eighth Street, Philadelphia, and not at the demised premises.

The lease between the landlord and the original defendants, the tenants, provides: "The lessee further agrees that all goods on the said premises or elsewhere, either before or after removal, shall be liable to distress . . . and further hereby expressly waives the benefit of all laws now made or which may hereafter be made, regarding any limitation in which distress is to be made after removal of goods, and further relieves the lessor of the obligation of proving or identifying such goods". The plaintiff has taken a rule for judgment for want of a sufficient affidavit of defense, and has filed a reply to the defendant's counterclaim raising questions of law. The question is whether goods held by a tenant under a bailment lease are his goods, in the sense that the landlord may distrain on them after removal from the demised premises, or whether they must be considered as goods of a stranger under the decisions construing the Acts of March 21, 1772, 1 Sm. L. 370, sec. 5, 68 PS § 271, and the act to the same effect applying to the City of Philadelphia, being the Act of March 25, 1825, 8 Sm. L. 411, sec. 1, 68 PS § 273, holding that such goods (of a stranger) are not subject to distraint when removed from the demised premises. Obviously the quoted provision from the lease can refer to the tenant's own goods only.

He cannot by contract with the landlord affect the rights of others: Harrop v. Lutz, 53 Pa. Superior Ct. 195.

The question was presented to us at the argument as being a novel one. Our search, however, has disclosed to us that the question has been considered before and has been answered against the contention of the landlord.

As we understand it, the point is made for the landlord that there is a distinction between goods of a stranger and those of a bailor, in which the tenant may have a qualified interest as bailee, and that such goods are not the goods of a stranger, exempting them from distraint and removed from the demised premises. It is to be noted that the Act of 1772, conferring the right on the landlord to follow goods removed from the premises, applies in its terms to "his goods and chattels", meaning the tenant's. The mere fact that the bailee has a qualified interest, as to use the goods, does not make them his goods, though he has a right of possession in them under the bailment. The very relationship between the parties under a bailment negatives the idea of ownership of the goods in the bailee, even in a qualified sense. The only interest in a bailee is the right to hold or use the goods. The legal relationship between the parties is not changed even though the bailee may have an option to purchase the bailed article: Leitch v. Sanford Motor Truck Co. et al., 279 Pa. 160; Stern & Company v. Paul et al., 96 Pa. Superior Ct. 112, 115.

It seems to us that for the purpose of the application of the statutory right to follow goods "fraudulently" removed, the landlord must be limited to "his [the tenant's] goods"—those which he owns and which belong to him, and this can have no application to goods which, though bailed or leased to the tenant, are in fact and in law owned by and belong to another, the bailor, a stranger so far as the landlord is concerned. In a word, while the bailor is not a stranger to the bailee, the tenant, since there is a relationship of bailor and bailee between them, it is quite clear the bailor is a stranger to the landlord. There is no privity between them. True it is that if, though a stranger's (bailor's) goods, they are found on the demised premises the landlord may distrain on them, but this is an unusual legalistic right given the landlord under the common law, involving the taking by the landlord of goods of one who owes him nothing, for the payment of his debt, but once the goods are removed from the premises that right is ended and he may not follow them. It seems to us entirely immaterial whether the bailor or the bailee removes them from the premises for the benefit of the bailor. In either case there is no fraud against the landlord involved in their removal, because they are not "his [the tenant's] goods" which have been removed.

Counsel for the landlord attempts to build up his contention on the concluding expression of President Judge Rice in the quotation following, from the case of Walsh v. Philadelphia Bourse, 32 Pa. Superior Ct. 348, 352, wherein it is stated:

"The general rule of law makes all the goods and chattels (with many exceptions not necessary to be noticed here) found on the demised premises subject to distress for the rent thereof. At common law, if the lessor did not find sufficient distress on the demised premises, he could resort nowhere else: 3 Bl. Com. 11. This is still the rule, except as it has been changed by statute so far as to permit the landlord to follow goods of the tenant clandestinely removed; but these statutes do not apply to the goods of strangers, nor to goods in which the tenant may have had a qualified interest as bailee but which have been redelivered into the possession of the bailor before the distress."

Directing particular attention to the concluding clause "nor to goods in which the tenant may have had a qualified interest as bailee but which have been redelivered into the possession of the bailor before the distress", the argument is

made that, since in the instant case the bailed article, though removed from the demised premises, was removed by the tenant and not "redelivered into the possession of the bailor before the distress", it is still subject to distraint. A careful examination of the cited case, however, discloses that it was a mere circumstance that it was the bailor who had removed the goods, but it was the fact of removal of the goods from the demised premises before distraint which was the controlling basis of the decision. This is made quite clear on reference to one of the cases cited by the writer of the opinion as authority for his statement, Sleeper v. Parrish, 7 Phila. 247 (District Court of Philadelphia, 1869), which seems to be a complete answer to the contention of the landlord, as are also the statements in other cases which we shall note.

It seems that in the case just cited precisely the same question presented to us as being a novel one was before the court. That was likewise an action in replevin. The defendant avowed the taking of the goods in the declaration for rent in arrear and that they were seized off the premises demised, at a place to which they had been removed fraudulently and clandestinely to avoid payment of the rent. The plaintiff pleaded first that the removal was not fraudulent and clandestine, and next that the goods belonged to one Yerke and that he (the plaintiff) was in possession of the goods under a lease from Yerke for the term of 1 year.

After pointing out that the goods of a stranger are not within the Act of 1772, authorizing the landlord to follow and distrain chattels clandestinely removed by the tenant, the court, in an opinion by Hare, P. J., postulates the question and answers it as follows, at page 248:

"There would consequently be no room for argument in this case were it not for the lease to the tenant, which has been alleged to confer an interest upon him, and render the goods, for some purposes at least, his.

"We do not think, however, that this materially affects the question. The Act of 1772, like that of 1825, in relation to the removal of goods before the rent accrues, was designed to give relief against the fraud of the tenant in depriving the landlord of the means of payment by placing his property beyond the reach of a distress.

"It does not, therefore, apply in any case where the act is consistent with good faith, and such as a just regard for the rights of third persons would require. The holder of a temporary or qualified interest in chattels, (a bailee or lessee for years,) obviously ought not to use them as a means of satisfying his own debts. To apply them to such a purpose directly, would be a wrong nearly akin to fraud, and the breach of faith is hardly less when he suffers that to be done which he might prevent. The legislature, therefore, cannot be supposed to have contemplated a case like the present, where goods which have been demised to a tenant, are removed to avoid a distress."

We have here a case where the tenant removed the bailed goods from the demised premises for the very purpose of preventing a distraint upon them, and the court said that this is not only no fraud on the landlord but suggests it would be a "breach of faith" (due his bailor) if the tenant had failed to remove them. We think the view expressed is sound and we follow it.

In Moxham Investment Corp. v. Thomas-Kinzey Lumber Co. et al., 104 Pa. Superior Ct. 295, the landlord attempted to distrain upon certain automobiles which the bailor had taken out of a tenant's garage and placed on the highway. This, of course, the court ruled he could not do, saying, at page 301:

"To permit a landlord to follow and seize the property of a stranger, as did the landlord in these cases, would be to confer an additional remedy for the collection of arrears of rent to which a landlord is not entitled under our law."

While in this case it was the bailor who had removed the automobiles, the point is that they were referred to as "the property of a stranger".

In M. H. Pickering Co. v. Lichtenstein, 64 Pa. Superior Ct. 78, the problem arose as to whether goods under bailment on the premises could be distrained for rent, although the landlord's warrant specified that the goods of the tenant only be levied upon, without reference to the goods of others.

The court held that the landlord's warrant was sufficient. In discussing the matter the court said, at page 81: "The goods of the Pickering Company [the bailor] on the premises did not belong to the tenant. . . .", i. e., they belonged to the bailor, which is the same as saying they were goods of a stranger. The warrant was held sufficient not because they were the tenant's goods but because they were on the premises when distrained.

The case of Wetherill v. Gallagher, 217 Pa. 635, involved the following problem: The tenant went into bankruptcy, and the receiver delivered to the bailor certain bailed items. The landlord claimed that these items should not have been delivered, because they were subject to his right to distrain. Said the court, at page 642:

"The premises were then in the hands of a receiver in bankruptcy who properly conceded the title to be in the plaintiffs and also their right to remove the property. At that time there was $1,000 of rent in arrear, but the landlord had not distrained and hence the tenant could have removed his personal property from the premises and it would not then have been subject to distress, unless fraudulently removed. It is, however, different with the property of a stranger which may be distrained while on the demised premises, but cannot under any circumstances be followed and made subject to payment of arrears of rent."

We have here another case referring to the goods of a bailor as those of a "stranger", so far as the landlord is concerned, with the emphatic statement added that such goods cannot "under any circumstances" be followed (after removal from the demised premises) and made subject to the arrears of rent. It seems to us needless to discuss the question any further.

We hold that goods bailed to a tenant which have been removed from the demised premises are not subject to his landlord's distraint for rent of such premises, whether the bailed goods have been removed by the bailor or by the bailee.

Accordingly, the rule for judgment is made absolute.