## Blanche *versus* Bradford.

*Separate Property of Tenant's Wife liable to Distress for Rent.*

The goods of a tenant's wife, found on the demised premises, are liable to distress for rent in arrear, though they are her separate property; the Married Woman's Act of 1848 does not alter the law of landlord and tenant.

ERROR to the District Court of *Philadelphia.*

This was an action of replevin brought by Elthea Blanche, wife of Louis Blanche, against Vincent L. Bradford, under the following circumstances :—

Louis Blanche leased a house in Sansom street, in Philadelphia, of Vincent L. Bradford, at an annual rental of $425, which he afterwards occupied with his family. Four months' rent being due and unpaid, William Hinckle, by order of Bradford, seized for the rent, the furniture in the house, which had been presented to Mrs. Blanche by some friends. A writ of replevin was issued by her against Bradford and Hinckle, who avowed the taking of the goods mentioned in plaintiff's declaration, for rent due by Louis Blanche. To this Mrs. Blanche pleaded that the goods distrained were her own separate property, were purchased for her own separate use and enjoyment since her marriage with Louis Blanche, with money not furnished by him, and that they were therefore, by Act of Assembly, exempt from all attachment for the rent alleged to be due. To this the defendant demurred, and plaintiff joined in the demurrer.

The court below sustained the demurrer, and the jury having found for the defendant, the plaintiff removed the case into this court, and assigned as causes for reversal, the giving of judgment for plaintiff below upon his demurrer to the plea of Mrs. Blanche.

*Dennis,* for plaintiff, admitted the common law right which landlords have of holding any property upon the premises (with few well known exceptions) responsible for rent due and unpaid, but contended that the Married Woman's Act of April 11th 1848, destroyed this right, so far as married women were concerned, and compelled landlords who would collect rent due from a husband out of the goods of a wife, to do so in strict conformity with the requirements of the Act; citing the Act and the

[Blanche v. Bradford.]

cases of Murry v. Keyse, 11 Casey 389; Mahon v. Gormley, 12 Harris 82; Glyde v. Keister and Wife, 8 Casey 88; Pettit v. Fritz's Executors, 9 Id. 121; Bear v. Bear, 11 Id. 389; which cases it was argued excluded the defendant in error, who is a creditor of the husband, seeking to charge a wife's separate estate. That unless the act be held to protect wives, who are bound to follow their husbands, from debts of this kind as well as others, they might be ruined by extravagant or improvident husbands, without hope of redress.

*Rey,* for defendant in error.

The opinion of the court was delivered, March 11th 1861, by Lowrie, C. J.—The general rule of law makes all the goods and chattels found on demised premises subject to distress for the rent thereof, even though they be not the tenant's goods. Some exceptions to the rule, so far as it affects the goods of strangers, have been found necessary, growing out of its incompatibility with the very purpose of the lease. None of the exceptions, however, involve any principle that can be extended to the protection of the goods of the tenant's wife, living with him on the premises. In fact she is no stranger to the lease, but one of the family for whom it was obtained, and therefore one of the tenants under it; her relation to her husband makes her so. She participates in the benefit of the lease, and there is no sufficient reason for saving her from liability for its burdens.

The special law, called the Married Woman's Act of 1848, was evidently not intended to alter this general law of landlord and tenant, and we do not think that it ought to be extended by construction to do so. If this woman had not been a wife, but merely a tenant under the lessee of part of the house, she would have been a *feme sole,* and yet her goods would have been liable to distress for the rent. That she as a wife is under the control of her husband, and that he may endanger her property by a too expensive rent, are necessary results of the marriage relation, which no course of legislation or jurisprudence can prevent.

Judgment affirmed.