## Ida Ball *v.* John R. Penn et al., Appellants.

*Landlord and tenant—Married women's goods not liable to distress after removal.*

Goods of a married woman which have been removed from the demised premises cannot be followed by the landlord of her husband and a distress levied thereon for rent in arrear.

*Pleading—Effect of avowry.*

An avowry admits the ownership of goods in the plaintiff in the manner in which it is laid in the declaration.

Argued May 15, 1899. Appeal, No. 40, April T., 1898, by defendants, from judgment of C. P. Venango Co., Aug. T., 1897, No. 5, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEEBER, J.        ○

Replevin. Before CRISWELL, P. J.

It appears from the record and evidence that defendant had leased certain premises to Homer Ball, that pending negotiations for a renewal of the lease Ball and his wife, the plaintiff in this case, removed the household goods from the premises. The defendant followed the goods with a distraint and Ida Ball, wife of the tenant, replevied, claiming the goods as her own. There was evidence tending to show that the goods levied on were the property of the wife.

Other facts appear in the opinion of the court.

The court below directed a verdict for plaintiff. Defendant appealed.

*Error assigned* among others was in directing a verdict for plaintiff.

*A. R. Osmer*, with him *J. H. Osmer*, for appellants.—The burden of proof was upon the wife, and she was bound to sustain her title by the quality and quantity of proof required of a married woman who sets up title to property derived from her husband, as against his creditors. The property of a husband is not to be covered up or withheld upon equivocal suspicions or doubtful evidence of a wife's right to it. The family

relation is such, and the probabilities of ownership so great on the part of the husband that a plain and satisfactory case should be made out before the wife can be permitted to hold property against honest creditors. The burden of proof is upon the wife, claiming under such circumstances, and such proof must be clear and satisfactory: Taylor v. McLain, 6 Pa. Superior Ct. 496; Keeney v. Good, 21 Pa. 349; Rhoads v. Gordon, 38 Pa. 277; Wilson v. Silkman, 97 Pa. 509; Aurand v. Schaffer, 43 Pa. 363.

She must prove her title by clear and satisfactory evidence: Hoar v. Axe, 22 Pa. 381.

She must make it clearly appear that the means of acquisition were her own, independently of her husband: Auble's Admr. v. Mason, 35 Pa. 261.

No such proof was produced on this trial. Not the slightest attempt was made to show by what means the plaintiff acquired her title to the goods.

She rested her case on the testimony of her husband and herself, and was content with the naked declaration that she owned the property.

The case at bar is on all fours with the hypothetical case presented by TILGHMAN, Chief Justice, in Grace v. Shively, 12 S. & R. 217.

*John O. McCalmont*, with him *George G. Snowden*, for appellee.—In replevin, an avowry or conisance for rent admits the property of the goods to be in the plaintiff: Clarke v. Davies, 7 Taunton, 72; 2 E. C. L. R. 30; Hill v. Miller, 5 S. & R. 354.

But even if it could be conceded that the learned court below might possibly have submitted a question to the jury, it is difficult for a finite mind to discover anything fraudulent on the part of Mrs. Ball.

In this case plaintiff resided upon the same lot as defendant, and therefrom removed her goods in broad daylight as shown by all the evidence. The court would not have been justified, under these circumstances, in allowing the jury to find such removal fraudulent: Grant & McLane's Appeal, 44 Pa. 477; Goodwin v. Sharkey, 80 Pa. 149; Owens v. Shovlin, 116 Pa. 371; Merchants' & Manufacturers' National Bank of Pittsburg v. Tinker, 158 Pa. 17.

There may have been some slight circumstances of suspicion, but these are not enough; they constitute no more than that scintilla of proof which in the most enlightened court of the present day is not permitted to produce a verdict: Mead v. Conroe, 113 Pa. 220.

The learned court below could, therefore, not do otherwise than withdraw the case from the jury, and this judgment should be affirmed.

OPINION BY BEEBER, J., July 28, 1899:·

The question in this case is whether the personal property of a married woman which has been removed from demised premises can be followed by the landlord of her husband and a distress levied upon it for rent in arrear. No authority is needed for the general proposition that the exercise of the right of distress for rent in arrear must be had whilst the goods are upon the demised premises, and that all goods upon the premises, whether belonging to the tenant or other persons, with some exceptions designed to aid in the encouragement of trade not necessary to mention here, are subject to such distress. But the right to pursue the goods after their removal from the premises must be found in the terms of the Act of March 21, 1772, 1 Sm. L. 370. If this act does not give the right it does not exist: Grant & McLane's Appeal, 44 Pa. 477; Owens v. Shovlin, 116 Pa. 371. In Grace v. Shively, 12 S. & R. 217, it was said that this act of assembly is very nearly a verbatim copy of the statute of II Geo. 2, ch. 19, sec. 1. In England it has been decided that their act does not empower the landlord to levy a distress upon the goods of a stranger after they have been removed from the premises: Thornton v. Adams, 5 Maule & Selwyn, 38; Postman v. Harrell, 6 Carrington & Payne, 225; and long before these decisions it had been decided in this state that our act did not allow a stranger's goods to be levied upon after they had been removed from the premises: Adams v. LaComb, 1 Dall. 463. Can the wife be said to be a stranger within the meaning of those decisions? We think so. The words of the act apply only to a lessee and his goods. There can be no uncertainty as to who was the lessee in this case. The lease itself shows that it was the husband. The fact that he had a wife can in no sense be said to have made her also a

lessee, unless we are willing to go to the length of deciding that the wife is liable upon the contract of her husband. It is true that some of her goods may become liable to pay a debt for rent due by her husband, and so may the goods of a stranger, but as the fact that a stranger's goods may, under certain circumstances, become liable for the rent of a tenant does not make him a tenant within the meaning of the act, we can see no reason why the liability of the wife's goods, under the same circumstances, should make her a tenant. The remedy afforded by this act of assembly is a drastic one and not to be extended beyond its words. They clearly relate only to the lessee and his goods. They cannot be extended to apply to the goods of a wife. The case of Blanche v. Bradford, 38 Pa. 334, cannot be held to decide that the wife, under circumstances such as are in this case, is a tenant. Whilst there is language in the opinion in that case broad enough to convey that meaning it must be read in connection with the facts of the case. The only point decided there was that a wife's goods, whilst upon the demised premises, are liable to levy and distress for rent in arrear. It was shown that the goods even of a stranger whilst on the premises would be liable and that the wife was no exception to the rule, and then it was said in the course of the opinion, as perhaps a justification for the liability of the wife's goods for the husband's debt, that she was no stranger to the lease, but one of the family for whom it was obtained and therefore one of the tenants under it. We take this to mean nothing more than that she received the benefit of the lease. The fact that her goods were upon the premises when the distress was levied made them liable.

The appellant insists, apparently for the first time in this court, that the evidence did not show such a degree of proof of the ownership of the property by the plaintiff as is required where a wife's goods are levied upon by the husband's creditors. Under the pleadings in this case we do not think this question can arise. There can be no doubt of the rule that in an action of replevin the plea of non cepit admits ownership of the goods in the plaintiff. The same must be true in the case of an avowry such as was in this case. The defendant admitted the taking of the goods of the plaintiff and claimed he was justified in doing so because there was rent in arrear. " Where the de-

fendant wishes to put the right of property in issue, it is done by a plea of property, which throws the burthen of proof upon the plaintiff in replevin to prove property in himself: " Mackinley v. McGregor, 3 Wharton, 369. It has been held that an avowry admits the ownership of the goods in the plaintiff in the manner in which it is laid in the declaration: Buller's Nisi Prius, p. 53, citing Berne v. Mattaire, Cases temp. Hardwicke, p. 119. As the defendant failed to make the ownership of the goods by the plaintiff a question at issue by the pleadings we must hold it to have been admitted by him as laid in the declaration. All the assignments of error are overruled.

Judgment affirmed.