## Swaney *v.* Doumont, Appellant.

*Landlord and tenant—Exemption—Husband and wife—Wife's goods on premises.*

1. The goods of the wife of a tenant on the demised premises may be seized for rent, and the wife is not entitled as against the landlord to the benefit of the $300 exemption law. She is not a defendant nor debtor within the meaning of the Act of April 9, 1849, P. L. 533.

2. Where a wife sues her husband's landlord for an alleged wrongful seizure and sale of her goods for rent, and sets up in her statement of claim that the defendant had been guilty of trespass for two reasons, (1) that she had not received proper notice of the levy, and (2) that she had not been allowed the benefit of the exemption law, she will not be permitted at the trial, without any amendment of the statement of claim, to show that certain property had been returned as having been sold for a less price than she bid for it at the sale.

Argued May 10, 1910. Appeal, No. 127, April T., 1910, by defendants, from judgment of C. P. Butler Co., March T., 1909, No. 16, on verdict for plaintiff in case of Mary A. Swaney v. Arthur Doumont and Aaron Fisvitz. Before HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass for an alleged wrongful distress and sale of goods. Before GALBREATH, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $100. Defendants appealed.

*Errors assigned* were (3, 4, 5) the instructions quoted in the opinion of the Superior Court.

*Stephen Cummings*, with him *F. J. Forquer*, for appellants.—The goods of a tenant's wife, found on the demised premises, are liable for distress for rent in arrear, although they are her separate property: Page v. Middleton, 118 Pa. 546; Blanche v. Bradford, 38 Pa. 344; Rosen-

berger v. Hallowell, 35 Pa. 369; Huey's App., 29 Pa. 219; Eberhart's App., 39 Pa. 509.

In trespass, nothing can be given in evidence but what is expressed in the declaration: Busch v. Calhoun, 14 Pa. Superior Ct. 578.

*W. H. Martin,* for appellee.—The appellee, Mary A. Swaney, was not a stranger to the lease between the appellant, Arthur Doumont, and her husband, but was one of the tenants under the lease and therefore a debtor for the rent due under the lease within the meaning of the exemption laws: Blanche v. Bradford, 38 Pa. 344; Balmer v. Peiffer, 16 Lancaster, 251; Hess v. Beates, 78 Pa. 429.

There was no error in the admission of the evidence proving irregularities in the proceedings and sale: Mixel v. Betz, 168 Pa. 328; Galbraith v. Philadelphia Co., 2 Pa. Superior Ct. 359; Harding v. Lloyd, 3 Pa. Superior Ct. 293; Murphy v. Chase, 103 Pa. 260; McElroy v. Dice, 17 Pa. 163; Snyder v. Boring, 4 Pa. Superior Ct. 196; Ramsdell v. Seybert, 27 Pa. Superior Ct. 133.

OPINION BY ORLADY, J., July 20, 1910:

William Swaney, the husband of the plaintiff, executed a lease for a house and lot by an agreement in writing, in which he waived the benefit of all exemption laws, and with his wife took possession of the property and moved into it their household furnishings. The tenant defaulted in the payment of the rent and the landlord, Arthur Dumont, one of the defendants, issued a distress warrant and levied upon the personal property on the premises, when this plaintiff gave notice in writing that she claimed all the property, and further claimed as against the landlord, the benefit of the $300 exemption law. This notice was ignored and the property was sold for $46.15 as the property of the lessee tenant. This action was brought for the recovery of damages which she alleges she sustained by reason of the sale of her goods. The trial resulted in a verdict for the plaintiff for $100.

The court held in his charge to the jury that the wife was entitled to the benefit of the exemption law, and answered a point submitted by the defendant as follows: "The plaintiff in this case, not having signed the lease, nor having any contractual relation with the landlord, but having moved her goods into the house rented by her husband, is not a tenant or debtor of the landlord. *Answer:* Refused, the plaintiff in this case being the wife of the defendant. That William Swaney, the husband of the plaintiff, having leased the house under a written lease, in which he waived the benefit of all exemption laws, the goods of the plaintiff having been found upon the premises, were liable for the rent. *Answer:* That is affirmed as a proposition of law, but it did not deprive her of a right to exemption."

The important question in the case is what relation did this plaintiff hold to the landlord. Was she a defendant or a debtor within the meaning of the Act of April 9, 1849, P. L. 533, so as to entitle her to the benefit of the exemption law? The claim for exemption under this statute is a personal privilege, and while it may be waived, it cannot be assigned or claimed by a stranger. A person who is entitled to the benefit of our exemption law is referred to in the act by two words, defendant and debtor. It was held in Rosenberger v. Hallowell, 35 Pa. 369, that a subtenant or assignee of a tenant, who has not been recognized as such by the landlord, cannot claim the benefit of the exemption law as against a distress for rent; neither the relation of landlord and tenant, nor that of debtor and creditor exists between the landlord and such assignee.

This plaintiff held no contractual relation, direct or implied, with the landlord, and was not in any sense a debtor. The statute contemplates two classes of debtors, execution defendants and defaulting tenants. Exemption is offered to both, to the first it is exemption of $300 worth of property owned by them; to the second, a like amount owned or in possession of the debtor tenant. This distinction in favor of the tenant was necessary to give the

full effect of the statute; for whilst only an owner's property could be seized in execution a landlord might seize any property in the possession of the tenant on the demised premises, though the tenant was not the owner. The exemption of the debtor within the limit of $300 was to be coextensive with the right of the creditor, whether he came with execution or with landlord's warrant. The right of exemption, a merely abstract right, such as it exists in the statute, becomes a vital, personal, effectual privilege when the debtor asserts it timely, but waived by him, no one else, however he may claim under the debtor, can set it up and hinder a creditor: Eberhart's Appeal, 39 Pa. 509.

In Ball· v. Penn, 10 Pa. Superior Ct. 544, we held that the goods of a married woman which had been removed from the demised premises, cannot be followed by the landlord of her husband and a distress levied thereon for rent in arrears for the reason that the wife was held to be a stranger to the lease. There can be no uncertainty as to who was the lessee in this case. The lease itself shows that it was the husband. The fact that he had a wife can in no sense be said to have made her also a lessee unless we are willing to go to the length of deciding that a wife is liable upon a contract of her husband.

In Blanche v. Bradford, 38 Pa. 344, the Supreme Court says: The general rule of law makes all goods and chattels found on the demised premises subject to distress for the rent thereof, even though they be not the tenant's goods. Some exceptions to this rule, so far as it affects strangers, have been found necessary, growing out of its incompatibility with the very purpose of the lease. None of the exceptions, however, involve any principle that can be extended to the protection of the goods of the tenant's wife, living with him on the premises. In fact she is no stranger to the lease, being one of the family for whom it was obtained, and therefore one of the tenants under it. Her relation to her husband makes her so, she participates in the benefits of the lease, and there is no sufficient reason

for saving her from liability for its burdens.   The special law, called the married woman's act of 1848, was evidently not intended to alter this general law of landlord and tenant, and we do not think that it should be extended by construction to do so.   If this woman had not been a wife, but merely a tenant in the lessee's house, she would have been feme sole, and still her goods would have been liable to distress for the rent.   That she is a wife, and under the control of her husband, and that he may endanger her property by a too excessive rent, are necessary results of the marriage relation, which no course of legislation or jurisprudence can prevent.

In regard to which case we held in Ball v. Penn, 10 Pa. Superior Ct. 544.   " The only point decided there was that a wife's goods while upon the demised premises are liable to levy and distress for rent in arrears.   In the course of the opinion it was said that she was no stranger to the lease, but one of the family for whom it was obtained, and therefore one of the tenants under it.   We take this to mean nothing more than that she received the benefits of the lease, and the fact that her goods were upon the premises when the distress was levied, made them liable."

The property sold in this case consisted of the usual items of household furniture, and the landlord was not bound to inquire whether the personal property to be taken into the house under the lease was owned by the wife or by his tenant.   The property was presumably the husband's as the ostensible head of the family, and as between the landlord and tenant, and it was so held out by him to be.

The general rule of the common law is that the landlord's right to distress for rent extends to furniture leased by the owner thereof to the tenant as a keeper of a boarding house on the demised premises: Myers v. Esery, 134 Pa. 177, and that such articles were not within the rule which exempts such goods of a stranger on demised premises, as are kept for storage, by warehousemen, or for sale, and as in that case it was said, that between the furniture dealer

and tenant the goods might belong to the former, but as between the tenant and the landlord, the furniture belonged to the tenant and was liable for distress: Page v. Middleton, 118 Pa. 546; Wanamaker & Brown v. Carter, 22 Pa. Superior Ct. 625.

Neither the relation of landlord and tenant, nor of debtor and creditor was established between Mrs. Swaney and the landlord of her husband, and if not a debtor for the rent, she was not entitled to the exemption of the statute. That her property was seized was due to the fact of it being found upon the demised premises. The landlord's warrant was not issued against her, nor was she in any way a party to the proceeding. The third and fourth assignments of error are sustained as they should have been affirmed without qualification.

The fifth assignment of error is as follows: "The statement of claim filed by the plaintiff in this case not having specifically set forth that the goods distrained on had not been sold to the highest bidder, the jury should disregard all testimony of the plaintiff as to that fact," which was refused. The statement alleges that the defendant had been guilty of trespass in selling the goods for two reasons: 1. That she had not received proper notice of the levy. This, the court held on the trial, was not well founded. 2. That she had not been allowed the benefit of the exemption law. The plaintiff proceeded to trial without an amendment of her statement, yet offered evidence under objection to show that certain property had been returned as having been sold for a less price than she bid for them at the sale, and the court said to the jury that if the defendant did not make the sale in the way in which it should have been made, in that, they did not sell the articles levied upon to the highest bidder, it was such an irregularity as would render the person making the sale in that way a trespasser from the beginning. Without an amendment of the statement the proof adduced should have been confined to the issue raised by the pleading. The defendant could not be expected to meet the new

allegations in the evidence, and while he did not plead surprise but remained in the trial, the damage done by that character of testimony cannot be estimated. The record shows that the testimony embraced a much wider scope than was indicated in the statement. The necessity for accuracy and precision in the pleadings are as necessary as ever, and when objection is made to such testimony, and the plaintiff elects to offer proof outside of his definite statement, he must take the chance of such divergence being considered on an appeal. The fact that certain goods were knocked down for a less price than was bid for them may, or may not have been, an irregularity. The property in this case sold for $46.15 as the property of William Swaney. If the plaintiff in this case is not a tenant, debtor or defendant, she would not be entitled to the surplus if the sale exceeded the rent, nor is she liable for any deficiency in the rent by reason of the sale not producing a fund sufficient to pay it.

The judgment is reversed.