# Brumbaugh, Appellant, v. Feldman.

*Landlord and tenant—Covenants of lease—Removal from premises—Whole rent becoming due.*

1. A tenant may agree when entering into a lease that the whole rent shall become due if he removes or attempts to remove from the premises before the end of the term without having paid the rent for the term. If the evidence is conflicting as to whether he has removed or has attempted to remove from the premises without payment of rent, the case is for the jury.

2. Where rent is due under the terms of a lease, the landlord may distrain goods placed by a stranger on the demised premises under a contract of bailment maturing to a sale on condition of the price of the goods being paid in certain installments in the nature of rent.

Argued April 11, 1911. Appeal, No. 31, April T., 1911, by plaintiff, from judgment of C. P. Venango Co., Nov. Term, 1908, No. 44, on verdict for defendant in case of Homer Brumbaugh v. Bertha Feldman and W. A. Maitland. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Replevin for goods seized by a warrant of distress.

The court charged in part as follows:

[Now Mrs. Feldman claims here, and that is her contention, that these parties were attempting to remove from the premises, and there is no controversy about the fact that Mr. Brumbaugh was there with his rig to take the stuff away.] [2] [It had not been actually removed from the premises but if what was done at the time was an attempt to remove out of the premises, then by the terms of this lease the whole rent for the balance of the term became due and Mrs. Feldman had a right to distrain for the whole amount.] [3]

In this connection we will say to you that when rent becomes due depends upon the contract between the parties. If there simply be a contract to pay so much rent and no further details are agreed upon, then, according to the common law, the rent would not be due and could not be sued for until the expiration of the term. But the parties have the right to make their own law in this respect and if they enter into an agreement, that agreement constitutes the law.

[Now, what are the facts in this case? Was there an attempt at removal from the premises by this lessee? If there was then the rent for the entire term became due and Mrs. Feldman had a right to distrain for it, and if she had a right to distrain for such rent, to take possession of the property there upon the premises, and Mr. Brumbaugh instituted these proceedings to take the property out of her possession, and thereby deprived her of her security for the rent, or property which she held as security for the

rent, then he is liable for damages; that is, such damages as she suffered from the property being taken out of her custody.] [4]  Her damages would be the amount of rent in arrear together with any interest thereon from the time the same ought to be paid, up to date, and your verdict should be in her favor and against Mr. Brumbaugh for the amount of such rent with interest to date, that being her damages.

If there was no attempt to remove from the premises and the rent for the whole term was not due but there was rent only for one month, then it is conceded that Mrs. Feldman would be entitled to recover that one month's rent which would be $15.00, with interest from the time the same ought to have been paid.  These are the questions that are to be solved by you, gentlemen.  You are to determine what the facts are and render a verdict accordingly.

The plaintiff made out a prima facie case by proving his ownership of these goods originally and the fact that they were turned over to Mr. Hedberg as lessee, and Mrs. Feldman conceding that and not raising any question about that comes in and alleging this tenancy of Hedberg and the fact that there was rent in arrear and due to her, undertakes to make out that contention, and the burden is therefore upon her to satisfy you that her contention is right.  If you are so satisfied by the weight of the evidence, you will render a verdict in her favor, that is, for the whole amount of the rent claimed by her, or for one month's rent.  If you are not so satisfied from the preponderance of the evidence you should not render a verdict for the larger amount but render a verdict for the smaller amount.

Upon the jury returning and asking for instructions as to whether or not they could compromise or go halfway in the amount of their verdict, the court further charged as follows:

Gentlemen of the Jury: Your verdict should be for either one sum or the other, for this reason: The defendant

claims that under the terms of the contract the rent for the year was all due; that is, the defendants allege that Hedberg was attempting to remove his property from the premises. If he was, then the rent for the entire year all became due and Mrs. Feldman had a right to distrain for it. If Hedberg was not attempting to remove from the premises, then the rent for the entire year was not due and Mrs. Feldman had no right to distrain for anything more than what was due. So you will observe from this statement that the fact to be determined by you is whether or not the tenant was attempting to remove. It is not claimed that he had actually removed; if he had in fact removed, then, under the terms of the lease, all the rent would be due. It provides that the property may be followed for thirty days, but the language of the lease is if he removes or attempts to remove, takes any steps to remove, then it all becomes due. That was a lease for a year,—a contract for a year. The tenant agreed to pay $180 for that house for a year. It was not a renting by the month, it was a renting for a year and the contract was binding upon the tenant. He would have no right to occupy the premises for one month or six months and then say "I will move out, I won't keep my contract." That was a contract which was lawful for the parties to enter into, it bound one as well as the other; Mrs. Feldman could not compel him to leave before the year was up, and by the terms of the contract he was bound for the rent for the year. This is the law as we understand it applicable to the evidence. It is the duty of the court to instruct you as to the law; our responsibility ends when we do that. If we make a mistake in the law we can be corrected on appeal. It is the duty of the jury to take the law as given by the court and from the evidence determine the facts. So you observe our duties differ. You determine the facts from the evidence. The court cannot do that except in a clear case where there is practically no dispute as to the facts. But where there is any dispute as to the facts, it is the duty of the jury to determine them. If there is a con-

flict of evidence they determine which witnesses are telling the truth and which are not, and applying the law as given by the court to the facts they render a verdict and the verdict which they render is an expression of their finding of the facts under the law.

Our answer to your question calls for a conclusion as to the law. Our answer to your question is that you have no right to go halfway. [You must either find that he was attempting to move out and was therefore liable for the whole rent, or you must find that he was not attempting to move out and therefore there was only one month's rent due at the time this distress was made. It was made on September 28 and the rent for that month had not been paid.] [5] [Under the terms of the lease if he was not attempting to move out the rent was due on the first of September; if he was attempting to move out the rent for the whole year was due and the landlord had a right to act accordingly.] [6]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (2-6) above instructions, quoting them.

*Quincy D. Hastings*, with him *Alexander B. Jobson*, for appellant.—No agreement between the parties to a lease, creating a lien upon property on the demised premises, can bind the property of third persons placed there in ignorance of such agreement: Beecher v. Bartlett, 42 Mich. 60 (3 N. W. Repr. 255).

*F. A. Sayers*, for appellee, cited: Goodwin v. Sharkey, 80 Pa. 149; Platt, Barber & Co. v. Johnson & Peterson, 168 Pa. 47; Swaney v. Doumont, 44 Pa. Superior Ct. 49; Ball v. Penn, 10 Pa. Superior Ct. 544; M'Geary v. Raymond, 17 Pa. Superior Ct. 308.

OPINION BY HENDERSON, J., May 11, 1911:

This is an action of replevin by which the plaintiff

asserted his title to the personal property described in the writ which had been theretofore distrained for rent by Bertha Feldman, the lessor. The house in which the goods were was leased by Mrs. Feldman to one John A. Hedberg by lease dated March 6, 1908, wherein a term was granted to the lessee for one year, beginning April 1, 1908. The rent for the term was $180, payable in equal monthly payments in advance. The lease contained the following provision: "Any removal or attempted removal from said premises by the lessee while any portion of the rent for the full term shall be unpaid shall be deemed a fraudulent and clandestine removal, and the whole rent for the entire term shall fall due and be collectible at once." A part of the furniture which Hedberg placed in the house when he went into possession was obtained from the plaintiff in September, 1906, by a contract of bailment to mature into a sale on condition that the price be paid in accordance with the terms of a written agreement then entered into between Hedberg and the plaintiff. Mrs. Feldman, alleging that her tenant was attempting to remove from the premises, issued a landlord's warrant on September 28, 1908, and distrained the goods in the house. The property seized on the landlord's warrant included that which plaintiff had leased to Hedberg and is the property covered by the writ of replevin. The plaintiff resists the lessor's claim on three grounds, (1) that the goods of a stranger are not liable for rent not due and in arrears; (2) that the defendants failed to offer evidence to show a removal or attempted removal from the premises on or before the time of the distress; (3) that there was no evidence to show that the rent distrained for was due at the time the warrant of distress was issued. The first proposition can readily be assented to and it applies as well to the goods of the tenant as to the goods of a stranger. Where no rent is due there is no right of distress, but the lease in question provides that the whole rent for the entire term shall become due and collectible at once if the tenant

remove, or attempt to remove, from the premises while any portion of the rent shall be unpaid, and if the conditions existed which made this provision of the lease operative, all the rent for the remainder of the term was due at the time the warrant was issued. That such a provision in a lease is enforceable has been often decided. A tenant may agree, when entering into a lease, that the maturity of rent may be accelerated; the parties may agree that the whole rent for the term may be payable in advance or that it shall become payable at once on default of payment periodically, in accordance with the terms of the contract, or that it may become due if the tenant remove or attempts to remove from the premises before the end of the term, without having paid the rent for the term. On the happening of the contingency provided for, the rent that was theretofore payable by installments becomes immediately due as provided in the lease. Goodwin v. Sharkey, 80 Pa. 149; Seyfert v. Bean, 83 Pa. 450, and Platt, Barber & Co. v. Johnson & Peterson, 168 Pa. 47, are some of the authorities on this subject. Whether the tenant was removing or attempting to remove from the premises was a question of fact which was left to the jury in a clear and fair charge and the evidence justified the submission of the case and the verdict of the jury on that point. For it was shown, and not denied, that Hedberg had gone to Virginia several months before, and the plaintiff himself testified that Mrs. Hedberg, who remained in the house, told him to get the goods, that she was going away and the house was immediately thereafter vacated and remained vacant until the end of the term. The plaintiff, acting on the information obtained from Mrs. Hedberg, proceeded to remove the goods from the house and was engaged in so doing when the bailiff served the warrant of distress. There is evidence, therefore, not only to show an attempt to remove, but the actual removal of furniture from the house in execution of the plan to leave the premises. At this time Hedberg had paid the plaintiff $173 on the con-

tract for the furniture and a balance of $33.00 remained due, $10.00 of which Mrs. Hedberg paid to the plaintiff some time after the distress was made. It might well have been a matter of consideration for the jury on this state of facts whether the plaintiff was not acting in concert with the tenant in removing the goods. The inference would not be unwarranted that he was acting not only for himself, but for Hedberg in so doing. However that may be, the law is well settled that the goods of a stranger on the demised premises are liable for rent which becomes due under the lease. There are exceptions to this rule, but it is conceded by the appellant that his case is not within the exceptions and this liability to distress exists according to the terms of the lease. He who permits his goods to be and remain in the hands of a tenant on the demised premises does so at the risk that they may be distrained when rent becomes due as stipulated in the lease. It is the lease which fixes the time when rent becomes due and it is the maturity of the rent which creates the liability.

Part of the argument of the learned counsel for the appellant is addressed to the proposition that the court wrongfully assumed that rent was due for the month of September, but after careful examination of the evidence we do not find a sufficient foundation for this objection. The testimony of the plaintiff that "Mrs. Feldman also acknowledged it was one month due," and of Mr. Hastings that she said rent for one month was due, is not contradictory of, nor inconsistent with the testimony of the defendants that there was seven months due under the lease, including the month of September. Mrs. Feldman's statement made on October 1 had evident reference to the rent which had accrued and was due when the landlord's warrant was issued.

We regard the case as well tried and the assignments are therefore overruled.

Judgment affirmed.