# General Tire & Rubber Co. et al., Appellant, *v.*
# The General Tire & Sales Co., Inc. et al.

*Landlord and tenant—Transfer of lease to receiver—Effect—Balance of rent due—Priority—Acceptance of rent from receiver—Waiver—Acts of June 16, 1836, P. L. 777, and July 17, 1919, P. L. 1029.*

Where a lease provides that in case of its transfer by assignment or by process of law the rent for the entire balance of the term shall become due and payable, the appointment of a receiver for the lessee constitutes such transfer and the unpaid rent for the balance of term falls due.

The Act of July 17, 1919, P. L. 1029, extended the relief given to landlords by the Act of 1836 to cases where a tenant's property has passed into the hands of a receiver and has been sold. Such landlord has a preferred claim for one year's rent from the date of receivership; for any further balance due he is a general creditor.

The acceptance of rent from the receiver does not constitute a waiver of the landlord's right to the balance out of the funds for distribution. Where rent has been paid by receivers it should be credited upon the preferred claim.

Argued November 14, 1927. Appeal No. 71, October T., 1927, by plaintiff from decree of C. P., Lancaster County, Equity Docket No. 7, page 238, in the case of General Tire & Rubber Company, Elizabeth Seibel, a creditor, v. General Tire & Sales Company, Inc., by Roy A. Bitzer and Joseph G. Forney, Permanent Receivers. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Exceptions to distribution of funds in the hands of receivers. Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions and confirmed the distribution. Plaintiff appealed.

*Error assigned* was the decree of the court.

174   G. T. & R. CO. et al., Appel., *v.* G. T. & S. CO. et al.

Argument—Opinion of the Court.   [93 Pa. Superior Ct.

*Paul A. Mueller,* for appellant.—The landlord had exclusive right to cancel the lease: Auer v. Penn, 99 Pa. 370. The landlord is a preferred creditor for one year's rent and a common creditor for the balance of the term: Goodwin et al. v. Sharkey et al., 80 Pa. 149; Platt, Barber & Co. v. Johnson and Peterson, 168 Pa. 47; McAnniny v. Miller, 19 Pa. Superior Ct. 406.

*Charles W. Eaby,* for appellee.

OPINION BY GAWTHROP, J., March 2, 1928:

On January 10, 1925, Elizabeth Seibel, the owner of premises 111 West King Street, Lancaster, made a written lease of a certain portion thereof, being the store room and small room in the rear on the first floor, together with the basement room, to the General Tire & Sales Company, Inc., hereinafter called corporation, for the term of three years from April 1, 1925, at a rental of $3,240, payable in monthly installments of $90 on the first day of each month in advance. Among the covenants therein, declared binding upon the heirs, administrators, executors, successors and assigns of the parties, are these: "2. ....... nor shall the tenant assign this lease ......, without the written consent of the landlord. Any transfer by process of law shall be deemed an assignment by the tenant." "9. ....... in case of a breach or evasion or any attempt to break or evade any of the covenants or conditions of this agreement, the entire rent reserved for the full term of this lease remaining unpaid shall become due and payable at once and may forthwith be collected by distress or otherwise." On May 27, 1926, when there was no rent in arrear, the court below appointed receivers for the corporation, who took possession of the premises and paid the rent up to August 1, 1926, when they vacated the premises. The landlord did not consent to the surrender or vaca-

tion. The receivers filed an account and when it came before the court below for distribution, the landlord presented a claim for $1,890 rent, as a preferred creditor, from August 1, 1926 to March 31, 1928. The court refused to allow any part of the claim as a preferred or common debt. Exceptions taken to this ruling were dismissed and this appeal was brought by the claimant.

The view of the learned judge of the court below, as expressed in his opinion, was that appellant may not participate in the distribution of the fund in the hands of the receivers because there was no rent due her at the time the receivers were appointed. He was of opinion that the question had been decided adversely to the claimant in Lifter v. Earle Co., 270 Pa. 496, and Grayson v. Aiman, Inc., 252 Pa. 461. With this we cannot agree.

An admitted contract of lease existed between the corporation and appellant at the time of the appointment of the receivers. The appointment of the receivers and the taking of possession of the premises by them did not void the contract, and the receivers recognized it by paying rent under it for the period during which they occupied the premises. "Nothing is better settled in Pennsylvania than that a tenant for years cannot relieve himself from his liability under his covenant to pay rent by vacating the demised premises during the term, and sending the key to his landlord," said Mr. Justice PAXSON in Auer v. Penn, 99 Pa. 370. A surrender of demised premises, in order to be effectual to release a tenant from payment of rent, must be accepted by the lessor and the burden of proof is upon the lessee to show such acceptance: Gardiner v. Bair, 10 Pa. Superior Ct. 74, 80; Auer v. Penn, supra. Where the lessee abandons possession without right, the landlord may allow the property to stand idle and hold the tenant for the entire rent; or he may lease it in the interest of the tenant and hold

him for the difference, if any: Auer v. Penn, supra;
Jenkins v. Root, 269 Pa. 229; Lipper v. Bouve, Craw-
ford & Co., 6 Pa. Superior Ct. 452. An averment of
the surrender is unavailing without the further aver-
ment of an acceptance of it by the lessor: Teller v.
Boyle, 132 Pa. 56; Ashhurst v. Phonograph Co., 166
Pa. 357, 359. There is no pretense here that appel-
lant accepted a surrender; on the contrary it is stipu-
lated that she did not consent to the surrender or va-
cation. We are not aware of any authorities in this
State in conflict with these views and no authority to
the contrary has been cited. By the terms of the second
covenant in the lease, the appointment of the receivers
was a transfer of the lease by process of law and an
assignment by the tenant. Under the covenants that
it should not assign the lease, and that in case of a
breach of any of the covenants the entire rent reserved
for the full term of the lease remaining unpaid should
become due and payable at once, the rent for the re-
mainder of the term became due and payable at the
time the receivers were appointed. Such covenants
are lawful: Bisk Candy Co. v. Stout, 289 Pa. 369, 378;
Platt, Barber & Co. v. Johnson, 168 Pa. 47. The whole
rent for the term might have been made payable in
advance and there is no reason why it might not be
made payable at any time during the running of the
lease, upon the happening of any contingency. "The
right of distress would immediately arise upon the
happening of the specified contingency; and that right
might be exercised by the lessor to the extent of col-
lecting more than one year's past due rent, provided
the rights of execution creditors have not previously
attached. If they have, the Act of June 16, 1836, limit-
ing the lessor's right to payment out of such fund to
an amount not exceeding one year's rent, becomes op-
erative in favor of execution creditors": Platt, Bar-
ber & Co. v. Johnson, supra. See also Owens v.
Shovlin, 116 Pa. 371; Goodwin v. Sharkey, 80 Pa. 149;

Weiss v. Levey, 69 Pa. Superior Ct. 359. The right of the landlord to claim rent payable in advance out of the proceeds of the sheriff's sale of the tenant's goods on the demised premises, not exceeding one year's rent, is well settled: Platt, Barber & Co. v. Johnson, supra. A contingency which made all the rent reserved, and unpaid, for the remainder of the term having happened, the entire unpaid balance became due, and was payable out of the fund in the hands of the receivers.

Was any part thereof a preferred claim? The 83rd section of the Act of June 16, 1836, P. L. 777, provides that goods and chattels, taken by virtue of an execution, shall be liable for "any sums of money due for rent at the time of taking such goods in execution," and limits the lessor's right to payment to an amount not exceeding one year's rent. The relief given to landlords by the Act of 1836 was extended by the Act of May 26, 1891, P. L. 122, to cases where the tenant makes an assignment for the benefit of creditors of goods and chattels upon the demised premises. The only point decided in Grayson v. Aiman, supra, is that the Act of 1891 did not apply to cases where the tenant's goods had passed into the hands of a receiver duly appointed by the court. But the Act of July 17, 1919, P. L. 1029, extended the relief given by the Act of 1836 to cases where a tenant's property has passed into the hands of a receiver and has been sold by him. On distribution of the proceeds thereof, the landlord is entitled to a preference over general creditors to the amount "due the landlord for rent of such demised premises at the time of the institution of the receivership or insolvency proceeding, not exceeding one year." In view of the similarity of expression used in the acts of 1836 and 1919, it is manifest that the Legislature intended by the latter act to give to landlords precisely the same preference over general cred-

178   G. T. & R. CO. et al., Appel., *v.* G. T. & S. CO. et al.

Opinion of the Court.     [93 Pa. Superior Ct.

itors which they have over an execution creditor under the act of 1836. It follows that the cases holding that the words in the act of 1836—"money due for rent at the time" of the execution—may include rent (not exceeding one year's) which under the terms of the lease is made to fall due by the execution, require us to hold that appellant had a preferred claim for one year's rent from August 1, 1926, and that as to the balance she was a common creditor. Appellant's acceptance of the payments of rent from the receivers for June and July, 1926, do not constitute a waiver of her right to demand the balance out of the fund in their hands for distribution. But the amount so paid should be credited upon the one year's rent which was a preferred claim. The decision in Lifter v. Earle Co., supra, is not in conflict with this conclusion because the rent claim presented there was for part of the year 1918, and the act of 1919, supra, had not then been passed. For that reason and because the liability of the defendant corporation for rent was expressly limited to the time it occupied the premises and the receiver paid the rent in full during his occupancy, it was held that the landlord had no further claim upon the assets of the corporation for rent accruing in the year 1918.

The decree is reversed, the exceptions are reinstated and the record is remitted with directions to make an allowance of appellant's claim not inconsistent with this opinion.