Mladjen *v.* Karfunkle et al., Appellants.

Argued October 8, 1930.

Before TREXLER, P. J., KELLER, LINN, GAW-
THROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Milford M. Tinsley,* for appellants.

*Samuel G. Muffett,* for appellee.

OPINION BY LINN, J., December 12, 1930:

In trespass by a tenant against a landlord and
his bailiff for unlawful distraint, the court directed

a verdict for plaintiff. Defendants appeal from the judgment. The lease was dated March 30, 1925, the term two years and eleven months, and the rent $1200 annually payable monthly in advance. It contained a provision that if, during the term, the lessee "attempt to remove or manifest an intention to remove the goods and effects out of or off from the premises without having paid and satisfied the said lessor in full for all rent which shall become due during the term . . . . . . such removal or attempt to remove shall be considered fraudulent and the whole rent for the whole term of this lease . . . . . . shall be taken to be due and payable; and the said lessor may proceed by landlord's warrant or other process to distrain and collect the whole in the same manner as if by the conditions of this lease the whole rent were payable in advance." That provision if the tenant removes or attempts to remove his goods, accelerates the maturity of the rent: Brumbaugh v. Feldman, 47 Pa. Superior Ct. 10, etc.

The tenant entered April 1, 1925 (and used the premises for a barber shop and paid his rent for April and May. On May 21, the landlord and his bailiff distrained.

The affidavit of defense averred that plaintiff had ceased operating his barbershop, and on May 21 removed "goods and effects out of and from said premises . . . . . . without paying or satisfying the defendants for rent for the balance of the term. . . . . ." Defendants offered evidence to show that on May 21st they arrived at the premises and "found a truck in front of the barber shop;" some of the tenant's property was on the truck; they found the tenant removing "fixtures from the shop;" the distraint followed immediately.

In directing the jury to find for the plaintiff, the learned trial judge said, that while there was "some

slight evidence of an attempt to remove some goods ...... the time of this removal was subsequent to the time of the issuance of the warrant of distress ......there is no evidence that there was any removal of goods or attempt to remove ...... before the issuance of the warrant of distress ......;'' on that account, he directed a verdict for plaintiff, permitting the jury to assess damages.

A landlord's warrant is not judicial process, nor is a constable bound to execute it: Com. et al. v. Abrams, 94 Pa. Superior Ct. 556. It is immaterial when the bailiff was empowered to act generally, if in fact, he did nothing until after the tenant's default; the reason given for directing the verdict was therefore wrong.

The distraint was not made, if defendant's evidence is believed, until after the removal began. According to plaintiff's evidence, he was not moving but intended to remain under the lease. It is for the jury under appropriate instructions to find the facts: Brumbaugh v. Feldman, supra. Plaintiff relies on Bornstein v. Salerno, 285 Pa. 507 to support the contention that no rent was due, but there was no accelerating clause in that lease as there is in this.

Judgment reversed and new trial awarded.