Moretti et al. *v.* Zanfino et ux., Appellants, et al.

Argued May 4, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Louis Vaira,* with him *S. V. Albo,* for appellants.

*John E. Evans, Sr.,* of *Margiotti, Pugliese, Evans & Buckley,* for appellees.

OPINION BY RHODES, J., July 15, 1937:

Defendants leased to plaintiffs a storeroom at No. 208 Woodkirk Street, East Carnegie, Pa., for the term of one year from April 30, 1932, at a monthly rental of $55 payable in advance on the first day of each month. The plaintiffs held over from year to year.

The lease provided, inter alia: "Any removal, or attempt at removal, of any goods or chattels from said premises by the tenant while any portion of the rent for the full term shall be unpaid, shall be deemed a fraudulent and clandestine removal, and the whole rent for the entire term shall fall due and be collectible at once, and all goods and chattels so removed may be followed for the space of thirty days and seized for the collection of the same by Landlord's Warrant.

"It is further agreed that if the said tenant shall default in the payment of any installment of the rent, or of the water tax, or of any other sum provided for under this lease, as the same becomes due and payable, or shall remove or attempt to remove, or express or declare an intention to remove, any of the goods and chattels, from the premises, or should an execution be issued against the tenant, bankruptcy proceedings be begun by or against said tenant, or an assignment be made by tenant for the benefit of creditors, or a Receiver appointed for tenant, then and in such case the entire rent for the balance of the term shall, at the option of the Lessor, at once become due and payable, as if by the terms of this lease it were all payable in advance; or, at Lessor's option, this lease shall become null and void."

On June 14, 1935, the plaintiffs gave notice in writing to the defendants that they would vacate defendants' premises within sixty days from that date. On July 6, 1935, defendants accepted from plaintiffs payment of the July rent in the amount of $55. On July 31, 1935, defendants issued a landlord's warrant for the total amount of the rental for the balance of the term, and directed a constable to distrain upon the goods of the plaintiffs. A levy was made, whereupon plaintiffs caused a writ of replevin to issue, filed their bond and plaintiffs' declaration on August 6, 1935, claiming the property levied on to have been unlawfully seized. In their affidavit of defense defendants set forth that plaintiffs had violated the covenants of the written lease in expressing an intention to remove and in removing the goods from the premises, thus making the rent for the balance of the term due and payable. Plaintiffs filed a reply. Upon the trial of the case the court below directed a verdict in favor of the plaintiffs. Defendants' motion for a new trial was refused, and defendants have appealed.

The court below concluded and held that: "Where a lease contains the provision that any rental for the balance of the term shall become due, under certain circumstances, at the option of the lessor, that notice must be given of such election upon the part of the landlord before it becomes due; that such an election was not made in the present case until July 31, 1935, and consequently the entire rental could not be due until that day. We further conclude that the tenants, plaintiffs, had this entire day within which to pay any such rental, and consequently the distraint in this case was premature."

With this conclusion we are unable to agree. It is true that appellants gave no notice of an election that they desired to have their rent accelerated prior to the distraint on July 31, 1935, nor was any required. Appellees' notice on June 14, 1935, of their intention to vacate does not determine the validity of the distraint proceedings. It does not appear that the landlords' warrant was issued and the distraint made because of this notice; but the evidence is to the effect that when appellees began to remove their goods from the demised premises appellants thereupon issued the landlords' warrant and directed the constable to distrain. There is also evidence that appellees were asked by appellants, when moving things from their store, whether they proposed to pay the rent to appellants as provided in the lease, and that they said to one of appellants they would not, and that the distraint proceedings were instituted immediately thereafter. If appellants' evidence was believed by the jury, the landlords' warrant was not issued nor was any distraint made until after there was a removal of appellees' goods and the consequential acceleration of the maturity of the rent.

Whether the distraint was premature is dependent on whether appellees were removing or attempting to remove their goods or chattels from the demised

premises while any portion of the rent for the full term was unpaid. "On the happening of the contingency provided for, the rent that was theretofore payable by installments becomes immediately due as provided in the lease": *Brumbaugh v. Feldman,* 47 Pa. Superior Ct. 10, at page 16. See, also, *Heeren v. Remington,* 47 Pa. Superior Ct. 437; *Goodwin et al. v. Sharkey et al.,* 80 Pa. 149; *Platt, Barber & Co. v. Johnson & Petersen,* 168 Pa. 47, 31 A. 935; *General Tire & Rubber Co. et al. v. The General Tire & Sales Co., Inc. et al.,* 93 Pa. Superior Ct. 173, 177; *Mladjen v. Karfunkle et al.,* 100 Pa. Superior Ct. 192, 194. When appellees removed or attempted to remove their goods or chattels from the demised premises, appellants could at once distrain appellees' goods and chattels for the rent unpaid for the balance of the term. See 36 Corpus Juris §1583; *Shoop v. Fee,* 57 Pa. Superior Ct. 585; *Brumbaugh v. Feldman,* supra; *Platt, Barber & Co. v. Johnson & Petersen,* supra; *Goodwin et al. v. Sharkey et al.,* supra.

The action of the court below is predicated on the theory that notice of an election by appellants was required as a result of the letter of June 14, 1935, and appellees' argument follows and amplifies the same line of thought. Appellees present the contention that notice of an election to have the entire rent for the balance of the term become immediately due was required under that portion of the lease which provides: "The entire rent for the balance of the term shall, at the option of the Lessor, at once become due and payable, as if by the terms of this lease it were all payable in advance; or, at Lessor's option, this lease shall become null and void." It is a recognized rule of law, as appellees state, that provisions for acceleration of rent and for forfeiture of leases are in the nature of penalties in favor of the lessor, and that they are not ipso facto operative on the occurrence of the default.

Landlord may or may not take advantage of them; and the contract is not annulled without his consent. *Gittlin v. Slovinac,* 93 Pa. Superior Ct. 292. Appellees had agreed in the instant case that if they removed, or attempted to remove, any of their goods or chattels from the demised premises while any portion of the rent for the full term remained unpaid, "the whole rent for the entire term shall fall due and be collectible at once, and all goods and chattels so removed may be followed for the space of thirty days and seized for the collection of the same by Landlord's Warrant." This provision permitted appellants to follow the goods of the appellees and levy upon them off the premises, but the immediate distraint of those remaining on the premises, upon the happening of the contingency, could be made by appellants. The right of distress is a common law right which, from time to time, has been modified or extended by statute; and where the lease provides, as here, for the payment at once of the whole rent for the entire term, upon the happening of the designated contingency, there may be an immediate distress made by the lessors.

The additional provision in the lease that, upon the happening of the specified contingencies, "the entire rent for the balance of the term shall, at the option of the Lessor, at once become due and payable, as if by the terms of this lease it were all payable in advance," is not inconsistent with the previous provision; nor did it require, in the event of removal of, or an attempt to remove, appellees' goods, notice of an election by appellants that they desired to have their rent accelerated, and the postponement of distraint until the day after such notice. Where, by the terms of a lease, the whole rent for the term is payable in advance, the right of distress immediately arises. *Platt, Barber & Co. v. Johnson & Petersen,* supra; *Goodwin et al. v. Sharkey et al.,* supra. The exercise of appel-

lants' rights was discretionary upon the happening of the contingency in this case. It is argued by appellees that there was no election to accelerate on the part of defendants until July 31st, when the distress proceedings were instituted and distraint made, and that appellees had the entire day of July 31st to pay the rent reserved under the lease. It is the rule that where the rent is due on a day certain the tenant has all of that day in which to pay, and a distraint before the following day is premature. *Beyer v. Fenstermacher et al.,* 2 Wharton 95; *Hoskins v. Houston,* 2 Clark 489; *McKinney v. Reader,* 6 Watts 34. This has no application to the facts of the case at bar, and we find no merit in appellees' position.

Subject to certain exceptions, goods of a third party on demised premises are liable for rent which becomes due under the lease, and may be seized. *Brumbaugh v. Feldman,* supra, 47 Pa. Superior Ct. 10, 17; *Shoop v. Fee,* supra; *Harrop v. Lutz,* 53 Pa. Superior Ct. 195, 199. This liability existed at common law. See *Blanche v. Bradford,* 38 Pa. 344. The ultimate result of the application of appellees' theory would have made the levy or distraint of the goods of third persons on the demised premises readily avoidable. The provisions of the lease before us cannot be so construed with the resultant substantial modification of a general rule of law.

Removal of appellees' goods, or an attempt to remove them, would make the rent for the balance of the term due and payable at once, and appellants had the right of immediate distress without notice of election. The court below erred in directing the jury to find for appellees on the ground that the distraint proceedings were premature. This was a question of fact which should have been left to the jury. Whether appellees were removing, or attempting to remove, their goods

from the premises prior to the distraint was for the jury to determine.

Judgment is reversed, with a venire facias de novo.